IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN M. CARTER, and all other persons Similarly situated, and KRISTINA M CARTER, and all other persons Similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:08CV217 |
| v. | ) ) | |
| JAMES THIELE, individually, and in their Official capacities as Omaha Planning Department Officials, CHRIS WAYNE, individually, and in their Official capacities as Omaha Planning Department Officials, MATTHEW JACKMAN, EHRHART, GRIFFIN & ASSOCIATES, HARRISON WOOD, BRIGHTON CONSTRUCTION CO., FERNANDO PAGES, CITY OF OMAHA, and DOES 1-15, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on the plaintiffs' motion for a preliminary injunction, Filing No. 12.  This is an action for deprivation of rights brought pursuant to 42 U.S.C. §§ 1981 and 1983.  Plaintiffs allege they were deprived of rights protected by the Fifth and Fourteenth Amendments to the Constitution.  They allege racial discrimination and an illegal taking without just compensation in connection with a real estate transaction and the construction of a public revitalization project.  Defendants have not yet been served with summons and the Complaint.  Because defendants have not been provided notice, the motion is in the nature of a motion for a temporary restraining order.

Under the federal rules, "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

The court finds there has been no showing of either the irreparable harm that will result before adverse parties can respond or of plaintiffs' efforts to give notice to those parties. Accordingly, the court finds plaintiffs' motion should be denied at this time.

IT IS ORDERED that plaintiffs' motion for a preliminary injunction is denied without prejudice to resubmission after the named defendants are served.

DATED this 28th day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge